Joseph D. SULEMAN, Individually and d/b/a Eli's Club, Appellant,

v.

W. S. McBEATH, Administrator, Texas Alcoholic Beverage Commission, Warren G. Harding, Treasurer of State of Texas, and John L. Hill, Attorney General of State of Texas, Appellees.

No. 8819.

Court of Civil Appeals of Texas, Texarkana.

April 7, 1981.

Rehearing Denied May 5, 1981.

Earl L. Yeakel III, Kammerman, Yeakel & Overstreet, Austin, for appellant.

Mark White, Atty. Gen. of Texas, Gilbert J. Bernal, Jr., Asst. Atty. Gen., Austin, for appellees.

BLEIL, Judge.

This appeal is from a dismissal of Appellant Joseph Suleman's suit for the recovery of gross receipts tax monies paid under protest.

The threshold issue is whether the requirement that a taxpayer make payments of taxes with a written protest, which fully sets out in detail each and every reason why the taxes are unlawful, is jurisdictional. We hold that although it is jurisdictional, the jurisdictional requirements were met and the judgment of the trial court is reversed.

In August of 1978, the Texas Alcoholic Beverage Commission conducted an audit on the premises of Eli's Club. This club is located in Travis County, Texas, and is owned by Joseph D. Suleman, appellant herein. The purpose of this audit was to determine whether proper taxes had been paid as a result of Suleman's sale of alcoholic beverages during the period from May 12, 1977, to June 5, 1978. As a result of this audit, the determination was made that Appellant Suleman had not paid the proper

taxes and owed the sum of $12,935.53 to the State.

On September 22, 1978, appellant forwarded payment of that amount to the Alcoholic Beverage Commission. This payment was accompanied by a letter, the full text of which stated,

"Enclosed is a cashier's check for $12,935.53 as requested in your letter of September 15, 1978.

"I deny that I owe this money, It (sic) is being paid under protest because I believe that the tax computation was erroneous. Please handle this payment pursuant to Taxation-General Article 1.05 of the Texas Statutes."

Thereafter appellant timely filed suit seeking a refund of the amount paid. In the petition which was filed appellant alleged that the tax computation was erroneous because the audit conducted was a depletion audit and failed to take into account the fact that drinks which were served contained more than the standard measure of alcohol so that fewer drinks were actually sold from a bottle of liquor than as determined using the Commission's standards. In response to the appellees' plea to the jurisdiction of the trial court the case was dismissed on February 20, 1979. In findings of fact and conclusions of law, which were filed in the case, the court determined that the letter of protest failed to comply with the requirement of Tex. Tax.-Gen.Ann. art. 1.05 that the protest set out fully and in detail each and every ground or reason therefor and concluded that the court had no jurisdiction to consider the merits of the suit.

Appellant's position in essence is that all of the requisites to suits for refund of taxes were made except that the sufficiency of the contents of the written protest, because of a tax computation error, did not state fully and in detail why the tax computation was erroneous. He contends that this failure does not result in a lack of jurisdiction of the trial court to determine the merits of the cause, but rather limits the trial of a cause to a showing by him of computational errors. We agree.

This cause involves Article 1.05, Tex.Tax.-Gen.Ann., which governs the filing of suits against the State of Texas by taxpayers for refund of taxes enumerated therein. Article 1.05(1) and (2), in pertinent part, states:

"(1) Protest. Any person, firm, or corporation who may be required to pay to the head of any department of the State Government any occupation, gross receipts, franchise, license or other privilege tax or fee, and who believes or contends that the same is unlawful and that such public official is not lawfully entitled to demand or collect the same shall, nevertheless, be required to pay such amount as such public official charged with the collection thereof may deem to be due the State, and shall be entitled to accompany such payment with a written protest, setting out fully and in detail each and every ground or reason why it is contended that such demand is unlawful or unauthorized.

"(2) Suits for recovery of taxes or fees. Upon the payment of such taxes or fees, accompanied by such written protest, the taxpayer shall have ninety (90) days from said date within which to file suit for the recovery thereof in any court of competent jurisdiction in Travis County, Texas, and none other. Such suit shall be brought against the public official charged with the duty of collecting such tax or fees, the State Treasurer and the Attorney General. The issues to be determined in such suit shall be only those arising out of the grounds or reasons set forth in such written protest as originally filed. . . ."

Appellant advances two basic arguments: (1) that the requirement of Article 1.05 of ". . . setting out fully and in detail each and every ground or reason . . ." why the demand for the tax is unlawful or unauthorized is not jurisdictional, and (2) that his letter of protest sets forth in sufficient detail the reason the tax is unauthorized. Appellees assert that the language of Article 1.05 and case law interpreting it demonstrate that the requirement of fully detailing the grounds of protest is jurisdictional,

and that appellant failed to meet this requirement.

■ A reading of Article 1.05 reveals that the requirement of "... setting out fully and in detail each and every ground or reason ..." or protest is just as obvious and mandatory as the requirements of making payment, accompanying payment with a written protest, filing suit within 90 days of payment and suing the State Treasurer, the Attorney General and the public official charged with the duty of collecting the tax or fees at issue. Appellant cites no authority for his contention that the mandatory requirement of setting out fully and in detail the grounds of protest is not jurisdictional under Article 1.05.

In *Rogers v. Daniel Oil & Royalty Co.*, 130 Tex. 386, 110 S.W.2d 891, 894 (1937), the court analyzed Article 7057b, Title 122, V.T.C.S., the predecessor statute to Article 1.05, and stated:

"... We think such a statute is complete and adequate to protect the protesting taxpayer as to the principal amount paid. It is true that the protesting taxpayer must obey or perform the various procedural provisions of the suspense statute as to time and otherwise, but we are unable to see how this fact can be held to constitute it incomplete or inadequate. The protesting taxpayer must accompany the payment with a written protest setting forth each and every ground why he contends he should not be required to pay; he must file suit in Travis County within ninety days from the day of payment; he must make certain officers parties to such suit; and he can urge no grounds of recovery therein that were not set forth in his written protest...."

Along these lines it has been held that, "Requirements of these statutes have been held to be jurisdictional, and failure to file a written protest, accompanying payment of the tax, deprives the courts of jurisdiction." *Contran Corporation v. Bullock*, 567 S.W.2d 616, 618 (Tex.Civ.App.-Austin 1978, no writ). The court indicated that a written protest must be specific to satisfy Article 1.05:

"Contran did not accompany its payment of the tax with a protest in writing, setting out all grounds and reasons for the contention by Contran that the tax was unlawful or unauthorized. The taxpayer thus failed to provide jurisdictional prerequisites for bringing suit. The Legislature through Articles 1.05 and 1.06 created a right not existing at common law, and the courts must act in the manner provided by statute...."

We hold that the Article 1.05 requirement of the written protest "... setting out fully and in detail each and every ground or reason ..." is jurisdictional. We turn to whether appellant's written protest satisfies this jurisdictional requirement.

■ The appellees urged that the vague and general allegations of Suleman claiming that the "tax computation was erroneous" is deficient in that it does not detail how or why the tax is believed to be erroneously computed, unlawful or unauthorized. The appellees also urged that the provision of Article 1.05 limits the issues in the trial of a case like this to those arising out of the grounds or reasons set forth in a written protest; and that, since the written protest alleges only an erroneous tax computation, the complaint in plaintiff's petition that the audit "did not properly take into effect the amount of ounces of alcohol served per drink" is improper. They say that if Suleman can delve into the issue of servings per container in his pleadings, based upon his general protest that the tax computation was erroneous, then the appellant could claim other elements and errors in the audit and that the grounds of protest would have no meaning.

Whether a proper limitation of pleading and proof in this case would allow the admission of matters such as the measure of the liquor content per drink is not before this Court. That is a type of matter which would have to be addressed by the court during pre-trial and trial proceedings if the court has jurisdiction.

While the wording of appellant's protest leaves much to be desired, it is plain that

his complaint is of a computation error. The term computation generally means calculation, mathematical figuring or reckoning. If we were to hold that this was not specific enough to give the court jurisdiction, then appellant would have no recourse to complain in court of an error, for example, in the addition of the taxes due for the several months during the audit, even though the term "computation" obviously encompasses a calculation such as mathematical addition. We therefore hold that the trial court does have jurisdiction to hear this controversy and that appellant is entitled to plead and prove one or more computation errors and, to the extent that he can do so, recover the dollar amount of taxes that the proof should establish to have been misfigured.

The judgment of the trial court dismissing this case is reversed and the cause is remanded for trial.