**BROOKS OPERATING COMPANY, INC., Appellant,**

v.

**Bob BULLOCK, Comptroller of Public Accounts, et al., Appellees.**

**No. 9187.**

Court of Appeals of Texas, Texarkana.

Dec. 13, 1983.

Rehearing Denied December 30, 1983.

Application for Writ of Error Refused by Supreme Court March 21, 1984.

John M. Smith, Janie J. Murphy, Roberts, Harbour, Smith, Harris, French & Ritter, Longview, for appellant.

Jim Mattox, Atty. Gen., Bradley Seals, Asst. Atty. Gen., Austin, for appellees.

PER CURIAM.

This is an appeal from an order granting the Comptroller's plea to the jurisdiction in Brooks' suit to recover taxes paid under protest. We affirm.

Brooks filed suit to recover diesel fuel taxes paid to the State pursuant to Tex. Tax-Gen.Ann. art. 1.05(2), *repealed by* Acts of 1979, ch. 841, 1979 Tex.Gen.Laws 2329, and Tex.Civ.St.Ann. art. 7057b, *repealed by* Acts of June 10, 1981, ch. 389, § 39(b), 1981 Tex.Gen.Laws 1785. On March 27, 1981, Brooks paid $31,164.82 to the Comptroller. The payment was accompanied by a letter stating that the amount was "... paid under protest without waiver of any legal rights accruing to the taxpayer." The letter did not state any reason why the demand was unlawful or unauthorized. In another letter dated April 21, 1981, Brooks set out the reasons it believed the taxes were not owed. The lawsuit was then filed to recover the taxes paid under protest. The trial court sustained the Comptroller's plea to the jurisdiction on the ground that Brooks' letter was insufficient to confer jurisdiction on the court under Article 1.05, Tex.Tax-Gen.Ann. That Article provides as follows:

"Protest

"Sec. 1. Any person, firm or corporation who may be required to pay to the head of any department of the State Government any occupation, gross receipt, franchise, license or other privilege tax or fee, and who believes or contends that the same is unlawful and that such public official is not lawfully entitled to demand or collect the same shall, nevertheless, be required to pay such amount as such public official charged with the collection thereof may deem to be due the State, and shall be entitled to accompany such payment with a written protest, setting out fully and in detail each and every ground or reason why it is contended that such demand is unlawful or unauthorized.

"Suits for recovery of taxes or fees

"Sec. 2. Upon the payment of such taxes or fees, accompanied by such written protest, the tax-payer shall have (ninety) 90 days from said date within which to file suit for the recovery thereof in any court of competent jurisdiction in Travis County, Texas, and none other. Such suit shall be brought against the public

official charged with the duty of collecting such tax or fees, the State Treasurer and the Attorney General. The issues to be determined in such suit shall be only those arising out of the grounds or reasons set forth in such written protest as originally filed. The right of appeal shall exist as in other cases provided by law. . . . ”

■ The requirements of Article 1.05 are jurisdictional. The written protest must set out all grounds and reasons why the taxes are claimed to be unauthorized, and must accompany payment of the tax. *Suleman v. McBeath,* 614 S.W.2d 637 (Tex. App.-Texarkana 1981, writ ref'd n.r.e.); *Bullock v. Adickes,* 593 S.W.2d 805 (Tex. Civ.App.-Austin 1980, writ ref'd n.r.e.); *Contran Corporation v. Bullock,* 567 S.W.2d 616 (Tex.Civ.App.-Austin 1978, no writ). The failure to meet either of these requirements renders the trial court without jurisdiction and requires the dismissal of the suit. *Bullock v. Adickes,* supra.

■ Brooks' letter accompanying the payment did not set out any reason why it was claimed the tax was illegal, and thus did not comply with Article 1.05. *See Nu-Way Oil Co. v. Bullock,* 546 S.W.2d 336 (Tex.Civ.App.-Austin 1976, no writ). The trial court properly sustained the plea to the jurisdiction and dismissed the case.

The judgment is affirmed.