TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-04-00261-CV






Local Neon Company, Inc., Appellant


v.


Carole Keeton Strayhorn, Comptroller of Public Accounts of the State of Texas,

and Greg Abbott, Attorney General of the State of Texas, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT

NO. 99-15042, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N




 Local Neon Company, Inc. brought a tax protest suit against the Comptroller of
Public Accounts of Texas (1) challenging the Comptroller's assessment of sales and use tax on Local
Neon's business for the period of January 1, 1988 to March 31, 1995. Local Neon contends that
insufficient nexus existed during this period to require it to collect Texas sales and use tax. See Tex.
Tax Code Ann. § 151.107 (West 2003). After unsuccessfully pursuing lengthy redetermination
proceedings with the Comptroller, Local Neon paid the assessed taxes under protest, filed a tax
protest suit in district court under tax code section 112.052, (2) and made several claims for declaratory
judgment under the Uniform Declaratory Judgments Act (UDJA) and the Administrative Procedures
Act (APA), including claims challenging the constitutionality of various tax code statutes and rules. 
Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-.011 (West 2003 & Supp. 2004-05); Tex. Gov't Code
Ann. § 2001.038 (West 2000). In a plea to the jurisdiction, the Comptroller argued that Local Neon
had not complied with the tax code's requirement to submit a protest letter to the Comptroller that
states "fully and in detail each reason for recovering the payment" prior to bringing its tax protest
lawsuit. Tax Code § 112.051(b). The district court sustained the Comptroller's plea to the
jurisdiction, and Local Neon appealed. We affirm the judgment in part, reverse the judgment in part,
and remand the cause for further proceedings. 


BACKGROUND


 Local Neon is a California corporation that designs, manufactures, and sells neon
signs to businesses. The Comptroller conducted an audit, determined that Local Neon had been
doing business in Texas, and assessed a sales and use tax deficiency on Local Neon for the period
of January 1, 1988 through March 31, 1995. The Comptroller's decision was based on various
documents, including invoices showing installation and repair of signs in Texas, a purchase/security
agreement showing that Local Neon agreed to design, build, deliver, and install items in Texas, and
other records that demonstrated contacts made by Local Neon representatives in Texas. 
Notwithstanding the evidence gathered by the Comptroller, Local Neon disputed the assessment of
the tax and requested a redetermination hearing. Tax Code § 111.009.

 At the redetermination hearing, Local Neon asserted two arguments: (1) that the
Comptroller could not require Local Neon to collect sales and use tax on its sales of signs to Texas
customers because it did not have sufficient contacts within Texas to establish a nexus in this State;
and (2) that, because some of Local Neon's customers may have paid the tax assessed against Local
Neon, the auditor's assessment of tax on Local Neon constituted double taxation. In September
1998, the administrative law judge denied both of Local Neon's contentions and recommended that
the audit assessment be affirmed; the Comptroller accepted this recommendation in an order. Local
Neon filed a motion for rehearing of the Comptroller's decision that was denied in November 1998.

 In October 1999, Local Neon paid the assessed tax of $32,772.15 under protest. The
letter accompanying the payment of the tax read as follows: 


Gentlemen: 


 Enclosed please find the taxpayer's check in the amount of
$32,772.15. This amount is being paid UNDER PROTEST.


Should you have any questions, please let me know.



The letter was signed by Local Neon's counsel.

 In December 1999, more than one year after the Comptroller denied Local Neon's
motion for rehearing, the company filed the present tax protest lawsuit. In its original petition, Local
Neon stated that it was bringing the suit "pursuant to the Texas Tax Code, and the Texas Declaratory
Judgment Act." Local Neon sought a declaratory judgment that the tax "alleged by the Comptroller
is not owed and the sums already paid to the Comptroller be refunded." Local Neon also sought
attorney's fees pursuant to the UDJA.

 In January 2000, the Comptroller filed a plea to the jurisdiction requesting that the
district court dismiss Local Neon's tax protest suit. The Comptroller argued that Local Neon had
not complied with a jurisdictional prerequisite to maintaining a protest suit, found in tax code section
112.051(b) because it failed to submit a protest letter stating "fully and in detail each reason for
recovering the payment" along with its payment. Over three years later, Local Neon filed its first
amended original petition, and in that petition added several new claims seeking declaratory
judgment. (3) In response, the Comptroller asserted that these additional claims had been filed for the
purpose of attempting to confer jurisdiction on the district court. The Comptroller argued that the
purpose of the lawsuit was simply to seek monetary damages from the State. The district court
granted the Comptroller's plea to the jurisdiction.

DISCUSSION


 Local Neon's sole issue on appeal is whether the district court erred when it granted
the Comptroller's plea to the jurisdiction regarding each of its claims. A plea to the jurisdiction
challenges the district court's authority to determine a cause of action. Bland Indep. Sch. Dist. v.
Blue, 34 S.W.3d 547, 554 (Tex. 2000). To prevail on a plea to the jurisdiction, the defendant must
show an incurable jurisdictional defect apparent from the face of the pleadings making it impossible
for the plaintiff's petition to confer jurisdiction on the district court. Bybee v. Fireman's Fund Ins.
Co., 331 S.W.2d 910, 914 (Tex. 1960); see Harris County v. Sykes, 136 S.W.3d 635, 639 (Tex.
2004). Because a district court's granting of a plea to the jurisdiction presents a question of law, we
review the district court's decision de novo. Lukes v. Employees Ret. Sys., 59 S.W.3d 838, 841 (Tex.
App.--Austin 2001, no pet.). In reviewing a plea to the jurisdiction, we liberally construe the
pleadings in favor of jurisdiction, looking to the plaintiff's intent. Texas Dep't of Parks & Wildlife
v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004).

 To determine whether the district court properly granted the Comptroller's plea to the
jurisdiction, we will consider Local Neon's tax protest suit and its claims under the UDJA in turn. 


The tax protest suit

 Local Neon argues that the district court had jurisdiction over the tax protest suit
because, in the context of lengthy administrative proceedings that preceded the payment of the
contested tax, the protest letter Local Neon submitted along with its payment substantially met the
requirements of tax code section 112.051(b).

 It is well recognized under Texas law that "there is no right to judicial review of an
administrative order unless a statute provides a right or unless the order adversely affects a vested
property right or otherwise violates a constitutional right." Continental Cas. Co. v. Functional
Restoration Assocs., 19 S.W.3d 393, 397 (Tex. 2000); see also General Servs. Comm'n v. Little-Tex
Insulation Co., 39 S.W.3d 591, 599 (Tex. 2001). The tax code provides two means for seeking
judicial review of tax assessments made by the Comptroller: protest suits and refund suits. Compare
Tax Code §§ 112.051, .052 (protest suits) with id. § 112.151 (refund suits). Because these statutes
created a right not existing at common law and prescribed a remedy to enforce the right, courts may
act only in the manner provided by these statutes. See Robinson v. Bullock, 553 S.W.2d 196, 197
(Tex. Civ. App.--Austin 1977, writ ref'd n.r.e.) (addressing predecessor statutes).

 Despite the similar intent of both methods to provide access to a refund of taxes paid,
the legislature created two distinct and exclusive remedies for tax refund suits and tax protest
suits--each with different procedural requirements. See Strayhorn v. Lexington Ins. Co., 128
S.W.3d 772, 779 (Tex. App.--Austin 2004, pet. filed). In a tax refund suit, a taxpayer must file a
refund claim with the Comptroller providing the grounds on which the claim is founded, file a
motion for rehearing with the Comptroller after the refund claim is denied, and file a refund suit
within 30 days after the denial of that motion for rehearing. Tax Code § 112.151. In a tax protest
suit, by contrast, a person must pay the amount assessed, submit with the tax payment a protest letter,
and file suit within 90 days of the date payment was made under protest. Id. §§ 112.051-.052. 

 At issue in the present case is whether Local Neon's letter accompanying its payment
under protest complied with tax code section 112.051(b). Section 112.051 states, in pertinent part:

(a) If a person who is required to pay a tax or fee imposed by this title or collected
by the comptroller under any law, . . . contends that the tax or fee is unlawful or
that the public official charged with the duty of collecting the tax or fee may not
legally demand or collect the tax or fee, the person shall pay the amount claimed
by the state, and if the person intends to bring suit under this subchapter, the
person must submit with the payment a protest. 


(b) The protest must be in writing and must state fully and in detail each reason for
recovering the payment.



Id. (emphasis added). Section 112.053(b) limits the issues to be determined in a protest suit "to
those arising from the reasons expressed in the written protest as originally filed."

 Local Neon does not assert that its protest letter stated fully and in detail each reason
for recovering its payment; rather, Local Neon argues that, because it was "embroiled in conflict"
with the Comptroller as to whether the company was subject to Texas's sales and use tax laws during
the administrative hearing process that preceded Local Neon's payment under protest, the
Comptroller was on "fair notice" of Local Neon's position. Local Neon argues that its "putative lack
of technical compliance" with the tax code's requirements did not deprive the district court of
jurisdiction. See Lexington, 128 S.W.3d at 780.

 In Lexington, this Court addressed the similar issue of whether the taxpayers had
complied with the statutory requisites for bringing a tax refund suit under tax code section 112.151. 
128 S.W.3d at 777. Following an audit, the Comptroller assessed tax deficiencies against three
surplus lines insurers. Id. at 775. The insurers filed a redetermination request and, after a lengthy
administrative process, the Comptroller signed an order affirming the tax assessment. Id. at 776. 
The insurers paid the taxes under protest and submitted letters with their protest payment that
detailed the reasons the insurers protested the tax; the letters did not ask for a refund "or in any other
language seek the return of their money paid under protest." Id. at 777-78. The insurers then filed
a lawsuit seeking declaratory judgment and a refund of the taxes paid. (4) Id. at 776-77. The district
court granted summary judgment against the taxpayers for failure to exhaust their administrative
remedies. Id. at 777. On appeal, this Court held that, although the protest letters did not contain a
refund request, this Court "must analyze the protest letters in the context of the particular
proceedings pending between the Insurers and the Comptroller." Id. at 779. Because the insurers
and the Comptroller were "embroiled in conflict" as to the applicability of the tax in issue, this Court
found that the insurers had substantially met the requirements of tax code section 112.151. Id. at
779, 781. This Court concluded that, although the protest letter did not explicitly state that the
insurers were seeking a tax refund, the insurers' payment under protest "could not reasonably be
regarded as anything but a request for a refund." Id. at 781.

 The reasons for Local Neon's protest are not as clear as Lexington's desire for a
refund and, more important, are not as clear as the tax code requires. In refund claims, the tax code
does not explicitly require that the word "refund" be used, "but the desire for a refund must be
apparent." Id. at 778. It was therefore possible to rely on Lexington's prior administrative
proceeding in construing the payment under protest as a request for a refund. See id. By contrast,
the tax protest statute requires that the taxpayer submit a letter which states "fully and in detail each
reason for recovering the payment." While the lengthy administrative proceedings in this case may
have provided some notice to the Comptroller of the taxpayer's claims, we cannot ignore the plain
and express requirement that the protest letter spell out the bases for the protest. See Fitzgerald v.
Advanced Spine Fixation, 996 S.W.2d 864, 865 (Tex. 1999) ("[I]t is cardinal law in Texas that a
court construes a statute, 'first, by looking to the plain and common meaning of the statute's
words.'" (quoting Liberty Mut. Ins. Co. v. Garrison Contractors, 996 S.W.2d 482, 484 (Tex. 1998). 
Local Neon's failure to provide the required explanation fails to comply with the statutory
requirements to invoke the jurisdiction of the trial court.

 The specificity requirement does more than simply provide notice of a claim. See
James v. Consol. Steel Corp., 195 S.W.2d 955, 962 (Tex. Civ. App.--Austin 1946, writ ref'd n.r.e.);
accord Nu-Way Oil Co. v. Bullock, 546 S.W.2d 336, 341 (Tex. Civ. App.--Austin 1976, no writ);
Lawrence Ind., Inc. v. Sharp, 890 S.W.2d 886, 892 (Tex. App.--Austin 1994, writ denied). In
Consolidated Steel, this Court mentioned two purposes of the tax protest statute:


 1. To require the taxpayer to inform the collecting agency the grounds or reasons for
such protest with sufficient clarity and detail for the agency to determine from its
own records and the information furnished the merits and validity of the protest; and
2. To prevent the taxpayer, after he files suit, from changing to or asserting upon the
trial other or different grounds from those stated in his protest. In other words, to
prevent him after making his protest from subsequently taking advantage of the
collecting agency upon such trial by "changing horses", so to speak, and having
adjudicated grounds or reasons which the agency had not theretofore been called
upon or had opportunity to determine.

 

195 S.W.2d at 962. This Court later wrote, "It is plain that the essential purpose of a written protest,
timely filed and accompanying payment, is to give the agency, in this case the Comptroller,
opportunity to review the reasons given for the protest and, if the protest is rejected, to defend suit
by the taxpayer upon the issues raised in the written protest." Nu-Way, 546 S.W.2d at 341. The bare
statement that Local Neon paid the taxes under protest did not satisfy the purpose of the written
protest requirement because the letter does not inform the Comptroller on what basis she must
defend the suit.

 The Texarkana Court of Appeals found a similarly terse protest letter inadequate to
preserve the right to judicial review in Brooks Operating Co., Inc. v. Bullock, 668 S.W.2d 733, 735
(Tex. App.--Texarkana 1983, writ ref'd) (per curiam). The tax payment made was accompanied
by a letter stating that the amount was "'paid under protest without waiver of any legal rights
accruing to the taxpayer.' The letter did not state any reason why the demand was unlawful or
unauthorized." Id. at 734. The court of appeals affirmed the district court's dismissal of the suit for
lack of jurisdiction because the taxpayer's letter did not comply with the protest statute's requirement
that such letters state the grounds on which the taxpayer claimed the tax was invalid. Id. at 735.

 The tax protest letter in the present case is the same in all material respects as the
letter in Brooks, and we agree with the Texarkana Court of Appeals's reasoning that a protest letter
as written is insufficient to meet the requirements of tax code section 112.051. (5) Because Local Neon
did not meet the requirements of tax code section 112.051, the district court did not err when it
sustained the Comptroller's plea to the jurisdiction, insofar as it pertains to the tax protest suit
brought under tax code section 112.052.

Local Neon's Declaratory Judgment Claims

 Local Neon also argues that the district court had no basis to dismiss for lack of
jurisdiction its claims seeking declaratory relief. Local Neon asserts that the tax code remedies are
not exclusive remedies precluding all actions for declaratory judgment. (6)

 The UDJA is a remedial statute designed for any "person . . . whose rights, status, or
other legal relations are affected by a statute," and provides a way to "have determined any question
of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status,
or other legal relations thereunder." Texas Nat. Res. Conservation Comm'n v. IT-Davy, 74 S.W.3d
849, 855 (Tex. 2002); see also Tex. Civ. Prac. & Rem. Code §§ 37.002(b), 37.004(a) (West 2003). 
A declaratory-judgment action is neither legal nor equitable, but is sui generis. Cobb v. Harrington,
190 S.W.2d 709, 713 (Tex. 1945). The UDJA "is to be liberally construed and administered." Tex.
Civ. Prac. & Rem. Code § 37.002(b). Because the UDJA is a "procedural device for deciding cases
already within a court's jurisdiction[,] . . . [a] litigant's request for declaratory relief cannot confer
jurisdiction on the court, nor can it change the basic character of a suit." State v. Morales, 869
S.W.2d 941, 947 (Tex. 1994); see also Texas Ass'n of Bus. v. Texas Air Control Bd., 852 S.W.2d
440, 444 (Tex. 1993). The UDJA does not confer additional substantive rights on the parties, nor
does it provide additional jurisdiction to the courts. Kadish v. Pennington Assoc., L.P., 948 S.W.2d
301, 304 (Tex. App.--Houston [1st Dist.] 1995, no writ). The request for declaratory judgment
under the APA has similar characteristics, but is the exclusive remedy for testing the validity of an
administrative rule--which includes a challenge to the constitutionality of the rule. See Tex. Gov't
Code Ann. § 2001.038; Howell v. Texas Workers' Comp. Comm'n, 143 S.W.3d 416, 442 (Tex.
App.--Austin 2004, pet. denied) (APA is exclusive remedy); Eldercare Props., Inc. v. Department
of Human Servs., 63 S.W.3d 551, 558 (Tex. App.--Austin 2001, pet. denied) (validity includes
constitutionality).

 The Comptroller argues that the district court properly granted the plea to the
jurisdiction against Local Neon's requests for declaratory judgments for several reasons. First, the
Comptroller asserts that Local Neon was not seeking anything other than a tax refund, and sovereign
immunity bars suits against the State for monetary damages disguised as declaratory-judgment
actions. See IT-Davy, 74 S.W.3d at 855-56. To support her contention that Local Neon's sole
purpose in bringing the lawsuit was to obtain a tax refund, the Comptroller cites to deposition
testimony taken from Local Neon's representative, Scott Blakely, in which he stated that he would
not be "satisfied" with a court's declaration that the tax was not owed without also getting a refund
of the money Local Neon paid under protest. The Comptroller argues that this testimony, coupled
with Local Neon's request for a declaration as to the amount of a refund it is entitled to,
demonstrates that the company is attempting to impose liability upon the State for monetary
damages, and is not interested in a declaratory judgment addressing the constitutionality of the tax
protest statutes or the Comptroller's imposition of tax on the company. Next, the Comptroller argues
that, because Local Neon only desires a tax refund, a declaratory judgment would not resolve the
controversy between Local Neon and the State, and thus a declaratory judgment is inappropriate. 
See Texas Mun. Power Agency v. Public Util. Comm'n, 100 S.W.3d 510, 518 n.6 (Tex.
App.--Austin 2003, pet. denied). In that case, this Court held that a declaratory judgment is
appropriate only if (1) a justiciable controversy exists as to the rights and status of the parties, and
(2) the controversy will be resolved by the declaration sought. Id. Finally, the Comptroller argues
that the declaratory judgment claims are "merely a pretext for seeking attorney's fees."

 We will examine Local Neon's request for declarations relating to whether the
Comptroller owes the company a refund before turning to its constitutional challenges.


Declaratory Relief: Request for a Tax Refund 

 Among the requests for declaratory judgment included in Local Neon's first amended
original petition is that the court, pursuant to the UDJA, "identify and determine whether the
Comptroller . . . owes Plaintiff a refund," and "identify and determine the amount of the refund." 
On appeal, Local Neon does not specifically refer to these two declaratory judgment requests, but
neither does it exclude these from the declaratory judgment claims it contends should not have been
dismissed.

 When a statute, such as the tax protest statute in the present case, provides an avenue
for attacking an agency order, a declaratory judgment action directed at that order will not lie. See
Strayhorn v. Raytheon E-Sys., Inc., 101 S.W.3d 558, 572 (Tex. App.--Austin 2003, pet. denied);
Young Chevrolet, Inc. v. Texas Motor Vehicle Bd., 974 S.W.2d 906, 911 (Tex. App.--Austin 1998,
pet. denied); Ben Robinson Co. v. Texas Workers' Comp. Comm'n, 934 S.W.2d 149, 153 (Tex.
App.--Austin 1996, writ denied). This is so because a party is generally not entitled to redundant
remedies. See Young Chevrolet, 974 S.W.2d at 911; Ben Robinson, 934 S.W.2d at 153. "There is
no basis for declaratory relief when a party is seeking in the same action a different, enforceable
remedy, and a judicial declaration would add nothing to what would be implicit or express in a final
judgment for the enforceable remedy." Universal Printing Co. v. Premier Victorian Homes, Inc.,
73 S.W.3d 283, 296 (Tex. App.--Houston [1st Dist.] 2001, pet. denied). In Raytheon, the taxpayer
(Raytheon) filed a tax refund suit and a declaratory judgment action pursuant to the UDJA. 101
S.W.3d at 562. Raytheon sought a declaration that the denial of the refund claims was unlawful and
that the claimed items were exempt from sales tax. Id. at 572. After stating that this request for
declaratory judgment incorporated a suit for a refund--relief already provided for under the tax
code--this Court held that "Raytheon's request for statutory interpretation was merely another
mechanism for asking the court to order the Comptroller to issue a sales tax refund. Thus,
Raytheon's request for declaratory relief was redundant to its suit for a refund." Id. Because
declaratory relief is improper if a statute provides the same remedy, this Court affirmed the order of
the district court dismissing the taxpayer's request for declaratory relief. Id. 

 Local Neon's request for a declaration that the Comptroller owes Local Neon a refund
in a particular amount involves the same issues that could be resolved in a tax protest lawsuit filed
pursuant to the protest provisions of the tax code, or even in a properly filed tax refund suit. Because
a declaration on these issues would be redundant and therefore improper, we affirm the district
court's order sustaining the plea to the jurisdiction with respect to these claims. Insofar as Local
Neon's requests for declarations about whether the company does business in Texas, whether the
Comptroller can legally require Local Neon to collect and remit taxes to the State of Texas, and
whether Local Neon is a retailer within the meaning of section 151.107, relate to issues that could
have been resolved by bringing a tax protest suit, we affirm the district court's order dismissing these
claims.


Declaratory Relief: Constitutional Challenges

 Local Neon also requested several declarations regarding the constitutionality of the
tax protest statutes and the Comptroller's imposition of tax on Local Neon. (7)

 A request for a declaratory judgment to interpret the scope of an agency's statutory
authority in light of a constitutional right or property interest is sufficient to invoke the district
court's jurisdiction and to waive sovereign immunity. Texas Mun. Power Agency, 100 S.W.3d at
516. A request for a declaratory judgment regarding the constitutional validity of an agency rule is
distinct from, and therefore not redundant to, a challenge to the correctness of the agency's order
pursuant to that rule. See Ben Robinson, 934 S.W.2d at 153. 

 The supreme court has held that a court can entertain constitutional challenges to the
tax code raised for the first time in a tax refund suit. Central Power & Light Co. v. Sharp, 960
S.W.2d 617, 618 (Tex. 1997) (per curiam). In that case, the district court dismissed CP&L's 
declaratory-judgment claims because CP&L failed to exhaust its administrative remedies before 
bringing its tax refund suit in district court--more specifically, CP&L failed to challenge the
constitutionality of a statute in its motion for rehearing before the Comptroller. Id. The supreme
court held that, because agencies lack the authority to declare the constitutionality of a statute,
CP&L's failure to raise its constitutional claims in the motion for rehearing at the agency did not
prohibit the district court from considering that claim when raised for the first time in the refund suit. 
Id. We believe that this rationale also applies to constitutional claims not included in a tax protest
letter.

 Local Neon's requests for declarations also appear to be more than a ruse to elude the
bar of sovereign immunity. Declaratory judgment claims are inappropriate when they are used only
in seeking a tax refund; as the supreme court stated in a breach-of-contract case against a state
agency, "private parties cannot circumvent the State's sovereign immunity from suit by
characterizing a suit for money damages . . . as a declaratory-judgment claim." IT-Davy, 74 S.W.3d
at 856. Although the claims seeking declaratory relief regarding the amount of money owed to Local
Neon by the State are barred by sovereign immunity as a suit for money damages, Local Neon's
request for a declaration regarding the constitutionality of these statutes and rules is not an action
which requires the State to pay money damages.

 Construing Local Neon's petition liberally in favor of jurisdiction, we conclude that
the district court erred when it granted the Comptroller's plea to the jurisdiction with respect to Local
Neon's claims seeking declaratory relief regarding the constitutionality of the statutes and rules. 
Accordingly, we also find that the district court erred when it dismissed Local Neon's claim for
reasonable attorney's fees under section 37.009 of the Texas Civil Practice and Remedies Code
because the action for declaratory relief was not brought solely for the purpose of obtaining
attorney's fees. Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (West 2003) (authorizing award of
"costs and reasonable and necessary attorney's fees as are equitable and just"); see Texas Mun.
Power Agency, 100 S.W.3d at 517; Texas Educ. Agency v. Leeper, 893 S.W.2d 432, 446 (Tex. 1994)
(allowing award for attorney's fees in suit challenging statute's construction).


CONCLUSION


 We affirm the district court's order granting the Comptroller's plea to the jurisdiction
insofar as it relates to the tax protest suit brought pursuant to the protest provisions of the tax code,
as well as the claims made under the UDJA that request a declaration that the protest payments
should be refunded and the amount of such refund. We also affirm the district court's order with
respect to Local Neon's request that the district court determine whether Local Neon does business
in Texas, whether the Comptroller can legally require Local Neon to collect and remit sales taxes
to the State of Texas, and whether plaintiff is a retailer within the meaning of section 151.107,
insofar as these requests relate to issues that could have been resolved by bringing a valid tax protest
suit. 

 However, we reverse and remand the district court's dismissal of the following claims
made by Local Neon that relate to the constitutionality of the protest statutes and the imposition of
tax upon Local Neon:



 Identify and determine whether section 3.286 of the Texas Administrative Code
is invalid and unconstitutional, both on its face (because it exceeds the statutory
authority granted to the Comptroller by the legislature), and as applied to Local
Neon (because it violates Local Neon's due process rights, and violates article I,
section 8 of the United States Constitution).

 Identify and determine whether section 151.107 of the tax code is
unconstitutional as applied to Local Neon; 

 Identify and determine whether the tax the Comptroller seeks to impose upon
Local Neon violates Local Neon's right of Due Process pursuant to the
Fourteenth Amendment to the United States Constitution; 

 Identify and determine whether the tax the Comptroller seeks to impose upon
Local Neon violates article I, section 8 of the United States Constitution (the
Commerce Clause); 

 Identify and determine whether section 112.051 of the tax code violates the open
courts, equal protection, and due course of law provisions of the Texas
Constitution; 

 Identify and determine whether section 112.051 of the tax code violates the equal
protection and due process clauses of the Fourteenth Amendment to the United
States Constitution; 

 Identify and determine whether section 112.108 of the tax code violates the open
courts, equal protection, and due course of law provisions of the Texas
Constitution; 

 Identify and determine whether section 112.108 of the tax code violates the equal
protection and due process clauses of the Fourteenth Amendment.




We also reverse and remand the district court's dismissal of Local Neon's request for declaratory
relief with respect to attorney's fees related to these claims.



 ___________________________________________

 W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear 

Affirmed in Part; Reversed and Remanded in Part

Filed: June 16, 2005

1. The Attorney General of the State of Texas, Greg Abbott, is also an appellee in this case. 
Because their interests are aligned, we refer to appellees collectively as "the Comptroller."
2. Reference to statutes throughout the opinion are to tax code provisions unless otherwise
noted. For convenience, citations to Texas Tax Code Annotated will be shortened to "Tax Code."
Unless otherwise noted, these cited tax code provisions are found in the West 2003 main volume. 

3. Pursuant to the Declaratory Judgments Act, Local Neon requested that the district court
make the following thirteen declarations: (1) identify and determine whether Local Neon does
business in Texas; (2) identify and determine whether the Comptroller can legally require Local
Neon to collect and remit sales taxes to the State of Texas; (3) identify and determine whether Local
Neon is a retailer within the meaning of section 151.107; (4) identify and determine whether section
151.107 is unconstitutional as applied to Local Neon; (5) identify and determine whether the tax the
Comptroller seeks to impose upon Local Neon violates Local Neon's right of Due Process pursuant
to the Fourteenth Amendment to the United States Constitution; (6) identify and determine whether
the tax the Comptroller seeks to impose upon Local Neon violates article I, section 8 of the United
States Constitution (the Commerce Clause); (7) identify and determine whether section 112.051
violates the open courts, equal protection, and due course of law provisions of the Texas
Constitution; (8) identify and determine whether section 112.051 violates the equal protection and
due process clauses of the Fourteenth Amendment to the United States Constitution; (9) identify and
determine whether section 112.108 violates the open courts, equal protection, and due course of law
provisions of the Texas Constitution; (10) identify and determine whether section 112.108 violates
the equal protection and due process clauses of the Fourteenth Amendment; (11) identify and
determine whether the Comptroller owes Local Neon a refund; (12) identify and determine the
amount of the refund; and (13) identify and determine whether Local Neon is entitled to recover its
reasonable and necessary attorney's fees in accordance with section 37.009 of the Texas Civil
Practice and Remedies Code, if any. Local Neon also requested under the APA that the district court
declare the regulation defining retailers who are "engaged in business" (34 Tex. Admin. Code
§ 3.286 (2003)) to be invalid and unconstitutional--both on its face (because it exceeds the statutory
authority granted to the Comptroller by the legislature), and as applied to Local Neon (because it
violates both Local Neon's due process rights and article I, section 8 of the United States
Constitution). See Tex. Gov't Code Ann. § 2001.038 (West 2000).
4. In Lexington, the Comptroller argued that, while the protest letter would have satisfied the
requirements for bringing a tax protest lawsuit under tax code section 112.052, the insurers had not
filed the suit within 90 days of making their protest payments, as required in order to bring a tax
protest suit. Strayhorn v. Lexington, 128 S.W.3d 772, 777 (Tex. App.--Austin 2004, pet. filed).
5. The Brooks court was interpreting the predecessor statute to section 112.051. See Brooks
Operating Co., Inc. v. Bullock, 668 S.W.2d 733, 734 (Tex. App.--Texarkana 1983, writ ref'd) (per
curiam). The predecessor statute also required taxpayers to accompany the payment under protest
with a letter "setting out fully and in detail each and every ground or reason why it is contended that
such a demand is unlawful or unauthorized." Id.
6. Local Neon focuses intently on the Comptroller's contention below that tax code
section 112.108 bars declaratory relief outside the tax code, but the Comptroller concedes on appeal
that this Court held section 112.108 unconstitutional. See Rylander v. Bandag Licensing Corp., 18
S.W.3d 296, 304 (Tex. App.--Austin 2000, pet. denied). The Comptroller contends that the
dismissal stands on grounds independent of section 112.108.
7. See supra note 3.