# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-18-00044-CV

---

**Glenn Hegar, Comptroller of Public Accounts of the State of Texas; and
Ken Paxton, Attorney General of the State of Texas, Appellants**

**v.**

**Alam, Inc.; and Panah, Inc., Appellees**

---

### FROM THE 419TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-17-003987, THE HONORABLE KARIN CRUMP, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

The Comptroller appeals from the district court's interlocutory order overruling in part his plea to the jurisdiction in Alam, Inc. and Panah, Inc.'s (collectively, Alam) taxpayer suit. Because sovereign immunity bars Alam's protest and declaratory claims, we reverse the district court's order and render judgment dismissing those claims.

## BACKGROUND

Alam owns and operates "Mirage," a club in Houston, Texas, that offers live entertainment by performers who allegedly apply a liquid-latex substance to their bodies as "clothing." The Comptroller decided that Mirage was a "sexually oriented business" and issued a series of assessments against Alam for unpaid fees related to that designation. *See* Tex. Bus. & Com. Code §§ 102.051–.052 (imposing $5-per-customer fee on businesses that offer live nude

entertainment where alcohol is consumed). After exhausting its administrative remedies, Alam filed the underlying suit under Chapter 112 of the Tax Code to protest the assessment and to enjoin the Comptroller from collecting the assessed fees. *See* Tex. Tax Code §§ 112.051 (authorizing taxpayer protest suit), .101 (authorizing taxpayer injunction suit). In lieu of paying the assessed taxes, Alam filed an oath of inability to pay, but it did not submit the written statements required by Chapter 112. *See id.* §§ 112.051 (waiving immunity for protest suit if taxpayer pays assessed taxes under protest and submits written protest with payment), .101 (waiving sovereign immunity for injunction suit if taxpayer pays assessed taxes or posts bond and files a statement of grounds with attorney general), .108 (providing inability-to-pay exception to prepayment prerequisite). Alam also asked the district court for a declaration under the Uniform Declaratory Judgments Act (UDJA) that it did not owe the fee imposed by the Comptroller because its business is not a sexually oriented business. *See* Tex. Civ. Prac. & Rem. Code §§ 37.001–.011.

Incorporated into its original answer, the Comptroller filed a plea to the jurisdiction asserting that sovereign immunity barred, and thus the district court lacked subject-matter jurisdiction over, Alam's Chapter 112 claims because Alam had not satisfied the applicable prerequisites to suit. *See* Tex. Tax Code §§ 112.051(a), .101 (requiring payment and protest statement). The Comptroller also asserted that the district court lacked jurisdiction over Alam's UDJA claim because Chapter 112 of the Tax Code, which is the exclusive means for challenging a tax assessment, does not authorize declaratory relief. *See id.* § 112.108 (prohibiting declaratory relief). The district court sustained the Comptroller's plea as to Alam's injunction claim but overruled his challenge to Alam's remaining claims. The Comptroller filed this interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(8) (authorizing interlocutory appeal from order denying governmental entity's plea to the jurisdiction).

2

Because issues in the cases overlapped, we abated this appeal pending the supreme court's resolution of *EBS Solutions, Inc. v. Hegar*, 601 S.W.3d 744, 760 (Tex. 2020) (holding that section 112.108, which bans declaratory judgment but also creates an inability-to-pay-exception to the Tax Code's prepayment prerequisites, was constitutional as applied to EBS), and asked the parties to file supplemental briefs, if needed, to address the effect of the *EBS* opinion on this appeal. On reinstatement, the Comptroller filed a supplemental brief, but Alam did not.

**ANALYSIS**

On appeal, the Comptroller argues that sovereign immunity bars Alam's (1) protest claim because Alam did not satisfy the Tax Code's jurisdictional prerequisites to suit, and (2) UDJA claim because the Tax Code does not waive immunity for such claims, and thus the district court erred in overruling its plea to the jurisdiction as to those claims.[1] We agree.

Sovereign immunity bars a suit against the State unless the legislature expressly consents to the suit. *Texas Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853 (Tex. 2002). The legislature has expressly waived the State's sovereign immunity as to only three types of tax challenges—protests, injunctions, and refunds. *EBS*, 601 S.W.3d at 749–50 (citing Tex. Tax Code §§ 112.001, .051, .101, .108; *In re Nestle USA, Inc.*, 359 S.W.3d 207, 208–09 (Tex. 2012) (orig. proceeding); *R Commc'ns, Inc. v. Sharp*, 875 S.W.2d 314, 318–19 (Tex. 1994)). Relevant here, a taxpayer who intends to bring a protest suit must "pay the amount claimed by the

---

[1] The Comptroller also argues that the district court lacks jurisdiction over Alam's injunction claim, but the district court sustained the Comptroller's plea as to that claim and Alam has not appealed. Relatedly, the Comptroller raises an issue questioning whether this Court's prior decisions holding section 112.108 unconstitutional had the effect of striking the Tax Code's jurisdictional prerequisites for protest and injunction suits, but the supreme court has since held that section 112.108 was constitutional as applied to the taxpayer in question. *See EBS Sols., Inc. v. Hegar*, 601 S.W.3d 744, 760 (Tex. 2020).

state" and submit a written protest that states "fully and in detail each reason for recovering the payment." Tex. Tax Code § 112.051(a)–(b). If a taxpayer complies with these requirements, section 112.052 waives sovereign immunity and allows the taxpayer to sue the State. Conversely, if a taxpayer fails to meet these requirements before filing its protest suit, immunity is not waived and the trial court lacks subject-matter jurisdiction over the taxpayer's challenge. *See id.* § 112.052(a) ("A person may bring suit . . . if the person has first paid the tax under protest as required by Section 112.051 of this code."); *In re Nestle*, 359 S.W.3d at 211–12 (holding chapter 112 waives sovereign immunity from suit if the taxpayer complies with chapter's requirements to pay the taxes under protest (citing *Dan Ingle, Inc. v. Bullock*, 578 S.W.2d 193, 194 (Tex. App.—Austin 1979, writ ref'd) (holding that trial court lacked jurisdiction over taxpayer suit because taxpayer failed to comply with both requirements of former version of section 112.051, noting that "courts may act only in the manner provided by the statutes which created the right"))); *Brooks Operating Co. v. Bullock*, 668 S.W.2d 733, 735 (Tex. App.—Texarkana 1983, writ ref'd) (holding that trial court properly sustained Comptroller's plea to the jurisdiction because taxpayer had failed to provide proper written protest as required by former version of section 112.051); *Hegar v. 1st Glob., Inc.*, No. 03-18-00411-CV, 2019 WL 6765754, at *5 (Tex. App.—Austin Dec. 12, 2019, no pet.) (mem. op.) (holding that trial court lacked jurisdiction over tax protest suit because taxpayer failed to timely file protest statement); *see also OGCI Training, Inc. v. Hegar*, No. 03-16-00704-CV, 2017 WL 4899015, at *5 (Tex. App.—Austin Oct. 27, 2017, no pet.) (mem. op.) ("Section 112.052 of the Tax Code operates as a waiver of the State's immunity in franchise-tax protest suits, so long as the taxpayer strictly complies with the statute's administrative and procedural requirements."). Here, it is undisputed that Alam did not submit a written protest statement. Accordingly, the district court lacks jurisdiction over Alam's protest claims.

4

For related reasons, the district court lacks jurisdiction over Alam's UDJA claim. As noted above, the legislature has waived sovereign immunity for protest, injunction, and refund suits, *see EBS*, 601 S.W.3d at 749–50; *In re Nestle*, 359 S.W.3d at 209, but it has not waived immunity for the declaratory relief requested here; to the contrary, the Tax Code explicitly precludes such relief: "[A] court may not issue . . . declaratory judgment . . . relating to the applicability, assessment, collection, or constitutionality of a tax or fee." Tex. Tax Code § 112.108; *see EBS*, 601 S.W.3d at 751–57 (noting that "section 112.108 as amended[] bans declaratory relief"); *In re Nestle*, 359 S.W.3d at 211 ("The [predecessor to Chapter 112] did not preclude declaratory judgment actions, but in 1989, section 112.108 was added, making the actions it permitted exclusive for challenging state taxes covered by the chapter."). Although the supreme court has previously allowed taxpayers to seek declaratory relief despite the Tax Code's ban, it did so to remedy constitutional defects created by former section 112.108. *See R Commc'ns*, 875 S.W.2d at 317–18 (holding that combination of former section 112.108's ban on declaratory judgments and Chapter 112's prepayment requirements created unconstitutional financial barrier to court access, and remedying constitutional infirmity by recognizing trial court's jurisdiction over taxpayer's declaratory claim); *see also EBS*, 601 S.W.3d at 750 (explaining its decision in *R Communications* to allow declaratory judgment in taxpayer cases). However, after the supreme court's holding in *EBS* that section 112.108's ban on declaratory relief was not unconstitutional as applied to EBS because it provides an inability-to-pay exception to the prepayment requirement, there is no jurisdictional basis for allowing the declaratory relief requested by Alam here. *See EBS*, 601 S.W.3d at 750, 760; *In re Nestle*, 359 S.W.3d at 211 ("The [predecessor to Chapter 112] did not preclude declaratory judgment actions, but in 1989, section 112.108 was added, making the actions it permitted exclusive for challenging state taxes covered by the chapter. The actions

permitted are a suit after payment under protest, suit for injunction after payment or posting of a bond, and a suit for a refund."). Accordingly, because the legislature has not waived sovereign immunity for the declaratory relief Alam seeks, the district court lacks subject-matter jurisdiction over Alam's UDJA claim. *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004) ("In Texas, sovereign immunity deprives a trial court of subject matter jurisdiction for lawsuits in which the state or certain governmental units have been sued unless the state consents to suit."); *IT-Davy*, 74 S.W.3d at 853 ("If the Legislature has not expressly waived immunity from suit, the State retains such immunity even if its liability is not disputed.").

## CONCLUSION

Because the district court lacks subject-matter jurisdiction over Alam's protest and UDJA claims, it erred in overruling the Comptroller's plea to the jurisdiction as to those claims. Accordingly, we reverse the district court' order and render judgment dismissing Alam's protest and UDJA claims for lack of jurisdiction.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Goodwin and Kelly

Reversed and Rendered

Filed: March 18, 2021