# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00462-CV

Texas Municipal Power Agency, Appellant

v.

Public Utility Commission and City of Bryan, Appellees

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
## NO. GN002343, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

## O P I N I O N

In an interlocutory appeal from the grant of a plea to the jurisdiction, *see* Tex. Civ. Prac. & Rem. Code Ann. ' 510.014(a) (West 1997), Texas Municipal Power Agency (AMunicipal Power@) challenges an order of the Public Utility Commission (Athe Commission@) regarding the allocation of transmission costs for electricity provided by Municipal Power to the City of Bryan (ABryan@). *See* Tex. Gov=t Code Ann. '' 2001.171-.178 (West 2000) (Athe APA@). After its suit for judicial review in district court (Athe APA appeal@) had been on file for almost a year, Municipal Power amended its petition to add a claim for declaratory judgment under the Uniform Declaratory Judgment Act. *See* Tex. Civ. Prac. & Rem. Code Ann. ' 37.004(a) (West 1997) (AUDJA,@ Athe UDJA action@). The Commission and Bryan

responded by filing pleas to the jurisdiction asserting that the district court did not have subject matter jurisdiction over the declaratory judgment action because: (1) the claim was barred by sovereign immunity, and (2) the remedy sought duplicated the remedy available in the APA appeal. Because we understand a declaratory judgment action requesting construction of an agency=s powers under its authorizing statute to be independent of the APA and unaffected by sovereign immunity, we will reverse the trial court=s order and remand for further proceedings.

## BACKGROUND

While this is not a decision on the merits, a brief description of the background of the case will be helpful. Municipal Power is a joint-powers agency created to generate and transmit electricity, which it sells at wholesale prices to four member cities: Denton, Garland, Greenville, and Bryan. *See* Act of May 21, 1997, 75th Leg., R.S., ch. 166, ' 1, 1997 Tex. Gen. Laws 713 (current version at Tex. Util. Code Ann. '' 163.051-163.068). Municipal Power owns an electric generation plant and a number of high-voltage electric transmission lines throughout the state. The relationship between Municipal Power and the four cities is governed by four identical power sales contracts. Municipal Power alleges that those contracts provide that the four cities will share equally the cost of transmitting electricity from Municipal Power=s plant as part of the purchase price of the electricity, even though the actual costs are different.

In a series of orders, the Commission has taken the position that Bryan should pay for transmission of electricity from Municipal Power=s plant at the statewide rate set by the Commission for wholesale transmission. Consequently, Municipal Power contends that under the Commission=s orders, Bryan would pay a smaller amount for transmission than provided for in the power sales contract between

Bryan and Municipal Power. Municipal Power has appealed from three separate Commission orders;[1] all three were presented to the trial court in a unified hearing, but under different cause numbers. Municipal Power appealed to the district court from all three orders under the APA. *See* Tex. Gov=t Code Ann. '' 2001.171-.178. The case now before us deals only with the third order, agency docket number 22055, which established the statewide wholesale electricity transmission rates for calendar year 2000.

While the APA appeal was before the trial court, Municipal Power amended its petition to add a UDJA action, asking the trial court to construe chapters 35 and 40 of the Public Utility Regulatory Act (APURA@), the statute granting the Commission=s authority to set wholesale transmission rates.

---

[1]     PUC Docket 19585 involved a complaint filed by Bryan against Municipal Power. Municipal Power filed its APA appeal from that order simultaneously with a UDJA action.

PUC Docket 20381 involved the blanket PUC order setting statewide transmission rates for calendar year 1999. Municipal Power originally brought only an APA appeal, but later amended its pleadings to include a UDJA action.

PUC Docket 22055, the subject of this appeal, involved the blanket PUC order setting statewide transmission rates for calendar year 2000. Municipal Power originally brought only an APA appeal, but later amended its pleadings to include a UDJA action.

Municipal Power takes the position that PURA does not give the Commission authority to interfere under these facts with a municipally owned utility.

Bryan and the Commission answered the UDJA action by filing separate pleas to the jurisdiction. The Commission, in addition, moved that the declaratory judgment action be abated because it duplicated the APA remedies.[2] The trial court upheld the pleas to the jurisdiction without stating its grounds and dismissed the Commission=s motion to abate or dismiss as moot.[3] In this interlocutory appeal,[4] Municipal Power contends that: (1) the UDJA waives sovereign immunity when a party requests an interpretation of an agency=s statutory grant of authority; and (2) the remedy requested by Municipal Power was actually broader than that available under the APA. Bryan and the Commission reply that the trial court did not have subject matter jurisdiction for two reasons: (1) because the APA does not provide for this kind of declaratory judgment action, the state has not waived its sovereign immunity to this kind of challenge to an agency=s orders; and (2) the requested declaration would duplicate one of the remedies provided for in the APA appeal. This case presents us with a narrow issue: may Municipal Power maintain a declaratory judgment action under the UDJA requesting a declaration of the scope of an agency=s *general* statutory

---

[2] At oral argument, counsel for the Commission conceded that this motion essentially provided the trial court with the option to abate the declaratory judgment action for the same reasons put forward in the plea to the jurisdiction.

[3] Municipal Power only filed an interlocutory appeal from the trial court=s disposition of the pleas to the jurisdiction involving PUC Docket No. 22055. The trial court has since issued final orders regarding the other two Commission proceedings.

[4] An interlocutory appeal is appropriate from the grant of a plea to the jurisdiction involving a claim of governmental immunity. *See* Tex. Civ. Prac. & Rem. Code Ann. ' 51.014(a)(8) (West 1997).

authority parallel to, and simultaneous with, an APA appeal from a *specific* agency action? We answer this issue in the affirmative.

## DISCUSSION

Because the trial court=s grant of the appellees= pleas to the jurisdiction was not a final judgment, this case proceeds as an interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. ' 51.014(a)(8) (West Supp. 2003). To review a plea to the jurisdiction challenging a court=s subject matter jurisdiction under section 51.014(a)(8), we do not examine the merits of the case. *See Texas Dep=t of Transp. v. Sunset Valley*, 8 S.W.3d 727, 730 (Tex. App.CAustin 1999, no pet.). Instead, we sustain the plea to the jurisdiction if there is an incurable jurisdictional defect apparent from the face of the pleadings, even if all the allegations in the plaintiff=s pleadings are taken as true. *Id.* at 729. We will deal with each of the grounds asserted by appellees in turn.

### *Sovereign Immunity*

Appellees, particularly Bryan, urge that Municipal Power=s claim is barred by sovereign immunity. Sovereign immunity, as a general rule, protects the State from lawsuits for money damages. *Texas Natural Res. Cons. Comm=n v. IT-Davy*, 74 S.W.3d 849, 853 (Tex. 2002) (citing *General Servs. Comm=n v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 594 (Tex. 2001)). Sovereign immunity encompasses two principles: immunity from suit and immunity from liability. *Id.* Immunity from suit bars a suit against the state unless the legislature expressly consents to the suit, while immunity from liability protects the state from money judgments even if the legislature has expressly given consent to sue. *Id.* These parallel

**5**

concepts serve to protect the legislature=s policy-making power by ensuring that only the legislature has the power to shift tax resources away from their intended purposes toward defending lawsuits and paying judgments. *Id.* at 854. Sovereign immunity rests on the assumption that the decision to spend public money is best kept in the hands of the people=s representatives in the legislature. *Id.* (citing *Federal Sign v. Texas S. Univ.*, 951 S.W.2d 401, 413-14 (Tex. 1997) (Hecht, J., concurring)). In addition, sovereign immunity protects the State from lawsuits that seek to control the actions of the State by a final judgment made by a court of law. *See* **id. at 854;** *Director of Dep=t of Agric. & Env=t v. Printing Indus. Ass=n of Tex.*, 600 S.W.2d 264, 265-66 (Tex. 1980).

While sovereign immunity, generally, insulates the state from lawsuits seeking monetary damages, a party can maintain a suit to determine its rights under the law without legislative permission. *See Federal Sign*, 951 S.W.2d at 404; *Texas Dep=t of Banking v. Mount Olivet Cemetery Ass=n*, 27 S.W.3d 276, 281 (Tex. App.C Austin 2000, pet. denied). Agencies do not have power to enact rules in their own discretion; they must exercise only the authority granted them by statute. *See Railroad Comm=n v. Lone Star Gas Co.*, 599 S.W.2d 659, 662 (Tex. Civ. App.C Austin 1980, writ ref=d n.r.e.). Although it is true that the APA allows for suits against the government to challenge particular agency actions, *see* Tex. Gov=t Code Ann. ' 2001.171 (West 2000), it does not necessarily follow that all claims that have any potential effect on an agency=s authority must be brought through the APA. *See Public Util. Comm=n v. City of Austin*, 728 S.W.2d 907, 910-911 (Tex. App.C Austin 1987, writ ref=d n.r.e.) (allowing city to challenge Commission=s statutory authority although agency had not yet issued final administrative order).

The UDJA grants any litigant whose rights are affected by a statute the opportunity to obtain a declaration of those rights under the statute and requires that all relevant parties be joined in any declaratory judgment suit. Tex. Civ. Prac. & Rem. Code Ann. '' 37.004, .006 (West 1997); *City of Waco v. Texas Nat. Res. Comm=n*, 83 S.W.3d 169, 179 (Tex. App.CAustin 2002, pet. filed) (UDJA claim not barred by sovereign immunity because UDJA serves to clarify rights already guaranteed by legislature). Therefore, when the State is a necessary party to a statutory cause of action, such as a UDJA action for interpretation of a statute, sovereign immunity is expressly waived because, were the State not joined, the right to a declaration would have no practical effect. *See City of La Porte v. Barfield*, 898 S.W.2d 288, 297 (Tex. 1995) (construing *Texas Educ. Agency v. Leeper*, 893 S.W.2d 432, 446 (Tex. 1994)); *see also Beacon Nat=l Ins. Co. v. Montemayor*, 86 S.W.3d 260, 267 (Tex. App.CAustin 2002, no pet.) (AThe UDJA waives [sovereign] immunity when a party seeks a court=s construction of a statute or rule.@); *Star Houston v. Texas Dep=t of Transp.*, 957 S.W.2d 102, 111 (Tex. App.CAustin 1997, pet. denied) (holding that sovereign immunity did not bar declaratory judgment determining whether agency has wrongfully construed a statute); *City of Austin*, 728 S.W.2d at 910-11 (holding UDJA action brought against government entity to determine scope of entity=s authority not barred by sovereign immunity). A UDJA action exists whether or not further relief can be obtained. *Leeper*, 893 S.W.2d at 446. Thus, when a party brings a declaratory judgment action to interpret an agency=s statutory authority, immunity from suit is waived by the UDJA. This does not mean, however, that immunity from damages is waived except as to a declaration of the parties= rights and the potential award of attorney=s fees. UDJA actions for statutory interpretation do not implicate the policy concerns of protecting the legislature=s policy-making discretion

7

and avoiding raids on the public treasury embodied in the sovereign immunity doctrine—rather, they serve to clarify the rules and requirements imposed by the legislature on the administrative agencies. *See Star Houston*, 957 S.W.2d at 111 (distinguishing suit to determine scope of statute from complaint that an agency failed to follow requirements of an unambiguous statutory requirement).

Municipal Power requests a declaration of the scope of the Commission=s authority under PURA. Appellees have not contested Municipal Power=s standing to request a declaratory judgment; instead, along with their other arguments, they contend that Municipal Power=s UDJA action is barred by sovereign immunity. We are not here presented with the merits of this case, but the lone question of whether Municipal Power=s UDJA action, as pleaded, properly invokes the district court=s jurisdiction. As we held in *City of Austin*, a declaratory judgment to interpret the scope of an agency=s statutory authority in light of a constitutional right or property interest is sufficient to invoke the trial court=s jurisdiction and to waive sovereign immunity. *City of Austin*, 728 S.W.2d at 910-11. Municipal Power has not requested monetary damages or a prospective injunction limiting the legislature=s policy-making authority.[5] The UDJA waives sovereign immunity for this type of claim. Therefore, we sustain Municipal Power=s first issue.

---

[5] Municipal Power has requested attorney=s fees under the UDJA. *See* Tex. Gov=t Code Ann. ' 37.009 (West 1997). Sovereign immunity does not protect the state from such awards when a declaration interpreting a statutory enactment is properly brought. *John G. & Marie Stella Kenedy Mem=l Found. v. Dewhurst*, 90 S.W.3d 268, 289 (Tex. 2002) (interpreting *Texas Educ. Agency v. Leeper*, 893 S.W.2d 432, 446 (Tex. 1994)). Appellees argue that Municipal Power should not be allowed to use a duplicate UDJA claim for the sole purpose of obtaining attorney=s fees. The UDJA allows the district court, *in its discretion,* to award attorney=s fees. Tex. Civ. Prac. & Rem. Code Ann. ' 37.009 (West 1997). Therefore, we note that the trial court retains *absolute discretion* to decline to award attorney=s fees under the UDJA where the UDJA action does not substantially broaden an appeal already provided for under the APA.

*Duplicate Remedies*

As a general rule, a declaratory judgment action will not lie if there is a pending action between the parties which might resolve the exact issues raised in the declaratory judgment. *See Texas Liquor Control Bd. v. Canyon Creek Land Corp.*, 456 S.W.2d 891, 895 (Tex. 1970). Therefore, we must determine from Municipal Power=s pleadings whether its UDJA action requests only a duplicate remedy to that available in an APA appeal.

In its APA appeal, Municipal Power complained that the Commission=s order prejudiced its rights because the order, as adopted:

- ▸ violated constitutional and statutory provisions;

- ▸ exceeded the Commission=s statutory authority;

- ▸ was made upon unlawful procedure and affected by error of law;

- ▸ was not supported by substantial evidence; and

- ▸ was arbitrary and capricious.

In its UDJA action, Municipal Power asked for a declaratory judgment that the Commission:

- ▸ did not have authority to interfere with Municipal Power=s contract with Bryan;

- ▸ is not authorized to set wholesale power rates for power sales between Municipal Power and Bryan; and

- ▸ lacks authority to set wholesale transmission rates in this instance even if the contract between Municipal Power and Bryan has been abrogated by Bryan=s actions.

**9**

Municipal Power argues that its UDJA action does not attack the validity of the Commission=s order, but instead requests an interpretation of the statute and its application to the ongoing series of disputes between Municipal Power and Bryan. Municipal Power notes that, despite the fact that there have been three APA appeals on this same issue, the underlying question of the Commission=s authority has not been resolved. Although the APA allows municipal Power to appeal each order individually, it does not require the trial court to issue conclusions of law that would, in cases like this, resolve this underlying disagreement. Municipal Power takes the position that it is only when the potential effect of the declaratory judgment is so narrow that it will only result in the overturning of a specific agency order that is the subject of an APA appeal that a parallel UDJA action will not lie. *Compare Young Chevrolet, Inc. v. Texas Motor Vehicle Bd.*, 974 S.W.2d 906, 911 (Tex. App.CAustin 1998, pet. denied) (declaratory judgment action not allowed when only challenging order=s validity on grounds that proceedings had been affected by *ex parte* communications), *with Ben Robinson Co. v. Texas Worker=s Comp. Comm=n*, 934 S.W.2d 149, 155 (Tex. App.CAustin 1996, writ denied) (allowing UDJA action to challenge entire agency program, even though appeal of particular order had become moot).

Municipal Power=s jurisdictional argument is predicated on its right to be subject only to those regulatory powers granted to the Commission by the legislature. Municipal Power contends that the declaratory judgement remedy is different because it will necessarily resolve the underlying disagreement over the scope of the Commission=s power. An administrative agency may exercise its statutory duties and functions without interference from the courts, unless it exceeds its statutory authority. *Beacon Nat=l*, 86 S.W.3d at 267 (applying *Westheimer Indep. Sch. Dist. v. Brockette*, 567 S.W.2d 780, 785 (Tex.

1978)).  Therefore, Municipal Power asserts, a declaratory judgment action will lie parallel to an APA appeal when an agency is alleged to be exercising authority beyond its statutorily conferred powers.

Appellees reply that the APA appeal and the UDJA action are essentially the same.  They portray both requests for relief as attacks upon the order itself, each attempting to invalidate it without going through the APA=s procedural requirements.  Appellees reach this conclusion based on the similarities in the type of relief requested in both causes of action; as appellees point out, the APA explicitly provides that the trial court may reverse and remand an agency order if it is in violation of a constitutional or statutory provision or is in excess of the agency=s statutory authority.  Tex. Gov=t Code Ann. '' 2001.174(2)(A), (B) (West 2000).  Appellees insist that, because a final ruling in one of the various APA appeals involved in this dispute would have the potential to resolve the underlying legal dispute, no parallel declaratory judgment action is allowed.

An example is our decision in *Young Chevrolet, Inc. v. Texas Motor Vehicle Board*, 974 S.W.2d 906 (Tex. App.CAustin 1998, pet. denied).  In that case, the Motor Vehicle Board allowed an automobile dealership to relocate over its competitor=s objection.  The competitor filed an APA appeal and a UDJA action asserting that the board=s conduct had, by not following the APA=s requirements regarding *ex parte* communications, violated constitutional due process rights.  The trial court dismissed the UDJA claim, because both it and the APA appeal challenged the validity of the board=s order.  This Court affirmed, stating that if Young had prevailed in both actions, the relief would have been the same.  *Young Chevrolet*, 974 S.W.2d at 911.  Likewise, in *Star Houston v. Texas Department of Transportation*, we refused to allow a UDJA action seeking a declaration that the Commission=s actions had been taken in

**11**

violation of the APA. 987 S.W.2d at 111. We noted, however, that the UDJA action in that case specifically did not argue that the Commission wrongfully construed the applicable statute or that the department=s authorizing statute was invalid. *Id.* Based on these authorities, Appellees contend that because the relief requested under the UDJA action is no more than the broadest relief possible under the APA appeal, the district court has no jurisdiction to hear Municipal Power=s UDJA claim.

Both sides cite our decision in *Public Utility Commission v. City of Austin*, 728 S.W.2d 907, 910-11 (Tex. App.CAustin 1987, writ ref=d n.r.e.). In that case, the Commission attempted to adopt electricity rates that it intended to apply to the City of Austin. While the agency ratemaking proceeding was still in progress, the city brought a UDJA action arguing that the legislature had improperly delegated authority to review utility rates to the Commission without providing an adequate standard of review. *See City of Austin*, 728 S.W.2d at 909. The Commission argued that declaratory judgment was not available parallel to the ratemaking proceeding, because the Commission still might have resolved the dispute in the city=s favor. *Id.* This Court ruled that the ongoing agency proceedings had no effect on the city=s UDJA action for interpretation of the Commission=s statutory authority. So long as a party can establish standing under the UDJA, a UDJA action may be brought to determine a party=s statutory rights.[6] *Id.* at 911; *see also, e.g.*, *Texas Dep=t of Pub. Safety v. Moore*, 985 S.W.2d 149, 153-54 (Tex. App.CAustin 1998, no pet.) (allowing a UDJA action when agency employee had no further recourse to the courts to enforce

---

[6] To recover under the Uniform Declaratory Judgment Act, a party must show that: (1) a real controversy exists between the parties, and (2) the entire controversy may be determined by a judicial declaration. *See Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995).

Human Rights Act); *City of Waco,* 83 S.W.3d at 177 (declaratory judgment action appropriate to determine scope of agency authority even if brought while agency proceedings are pending).

Appellees argue that *City of Austin* stands only for the proposition that a UDJA claim may be brought before an APA appeal from an agency order is filed. They take the position that a UDJA claim falls within the district court=s jurisdiction over an administrative appeal only if it was brought when an APA appeal was unavailable. Appellees would have us hold that, once it has been filed, an APA appeal supplants the independent cause of action for construction of an agency=s authorizing statute. Municipal Power replies that *City of Austin* draws no such distinctionCit simply states that a separate cause of action under the UDJA is an appropriate vehicle to resolve an underlying dispute based on an agency=s interpretation of its own statutory authority.[7] We agree. Although we conclude, however, that the district court had subject matter jurisdiction over the UDJA action brought in this case, we must still determine whether Municipal Power=s requested remedy merely duplicates the remedies available under the APA.

PURA authorizes review of Commission orders, so long as APA procedures are followed. *See* Tex. Util. Code Ann. ' 15.001 (West 1998) (providing for substantial evidence review of Commission proceedings). In most cases, the district court does not have jurisdiction to hear complaints brought outside of APA procedure because parties would otherwise be able to collaterally attack regulatory orders without fully participating in the regulatory process. *See, e.g.*, *Star Houston*, 987 S.W.2d at 111, *Young*

---

[7] Bryan asks this Court to read any references to the UDJA in *City of Austin* as *obiter dicta.* Bryan argues that, because the Court focused primarily on the APA declaratory judgment remedy in its analysis, any reference to the UDJA was unnecessary to the ultimate holding. However, we read *City of Austin* to apply unambiguously to declaratory judgment actions brought under both the APA and the UDJA, without differentiation.

13

*Chevrolet*, 974 S.W.2d at 911. For this reason, Municipal Power would not be able to bring a claim for relief under the UDJA from the effect of the ratemaking order covering the 2000 calendar year if the available remedy merely duplicated the remedies available in an APA appeal. Thus, no suit would lie if Municipal Power asked only that the order for the 2000 calendar year be vacated or if Municipal Power contested the procedure by which the rule was adopted.

By contrast, the relief Municipal Power seeks is a declaration of the Commission=s *authority* to enter an order of this kind in *any* ratemaking process, past, present, or future. Because we are not to consider the merits in this analysis, we must determine whether the scope of the district court=s jurisdiction is the same under a UDJA action as under an APA appeal. An APA appeal allows a district court to rule on a *particular Commission order*, but the UDJA action brought in this case asks for a determination of the *Commission=s general authority* to adjudicate the underlying dispute. Thus, a final determination of Municipal Power=s UDJA claim would resolve not only the legal status of PUC Docket number 22055 but the *underlying controversy* revisited in *all three* Commission orders. While an APA appeal may be resolved on the ground that the agency involved has exceeded its statutory authority or violated the constitution, *see* Tex. Gov=t Code Ann. ' 2001.174(2)(A), (B) (West 2000), the district court=s determination in that case only considers the validity of the specific order being appealed. The question posed to the court by Municipal Power=s UDJA action is broader than the effectiveness of one particular order and requests relief more expansive than the reversal of a particular Commission determination. The narrow appellate procedure provided by the APA to attack a particular Commission order, on any of the available grounds, does not displace the district court=s ability to determine the scope of

**14**

an agency=s authority through a properly brought UDJA action, as we encounter in this case. Accordingly, we uphold Municipal Power=s second issue.

## CONCLUSION

Because an action may be brought under the UDJA for a determination of an agency=s statutory authority independent of, and parallel to, an appeal from an agency order under the APA, and because sovereign immunity does not bar such a claim, we reverse the trial court=s grant of appellees= pleas to the jurisdiction and remand the case to the trial court for further proceedings.


Mack Kidd, Justice

Before Justices Kidd, Yeakel and Patterson

Reversed and Remanded

Filed: February 6, 2003

**15**