# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON REMAND

## NO. 03-02-00644-CV
## NO. 03-02-00701-CV

**Texas Municipal Power Agency; City of Denton, Texas; City of Garland, Texas; and City of Greenville, Texas, Appellants**

**v.**

**Public Utility Commission of Texas and City of Bryan, Texas, Appellees**

**&**

**Texas Municipal Power Agency; City of Denton; City of Garland; and GEUS f/k/a Greenville Electric Utility System, Appellants**

**v.**

**Public Utility Commission of Texas; City of Bryan; and City of Weatherford, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT NOS. 99-11127 & 99-14787, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

## O P I N I O N

We consider these appeals on remand from the supreme court. *See Texas Mun. Power Agency v. Public Util. Comm'n*, Nos. 04-0751 & 04-0752, 2007 Tex. LEXIS 1096

(Tex. 2007) ("*TMPA III*").[1]  On review, the supreme court reversed this Court's judgment and concluded that the Public Utility Commission lacked jurisdiction to modify, regulate, or abrogate the power sales contract (PSC) between the member cities and Texas Municipal Power Agency (TMPA) and the bundled sales rate for wholesale electric power under the PSC. *Id.* at 200. The supreme court also reversed this Court's judgment sustaining the dismissal of declaratory judgment claims filed by TMPA[2] and remanded those claims to this Court for further consideration. *Id.* Because we conclude that TMPA's claims for declaratory judgment are redundant of its suits for judicial review under the Administrative Procedure Act (APA), we affirm the district court's dismissal of those claims.

## BACKGROUND

We provide a brief summary of the history of these appeals and the claims for declaratory judgment pending before us on remand.[3]

---

[1] The supreme court's decision was released for publication on June 20, 2008. *See Texas Mun. Power Agency v. Public Util. Comm'n*, Nos. 04-0751 & 04-0752, 2007 Tex. LEXIS 1096 (Tex. 2007) ("*TMPA III*").

[2] Because their interests align, we refer to the appellants collectively as "TMPA" unless noted otherwise.

[3] *See also Texas Mun. Power Agency v. Public Util. Comm'n*, 150 S.W.3d 579 (Tex. App.—Austin 2004) ("*TMPA II*"), *rev'd and remanded by Texas Mun. Power Agency v. Public Util. Comm'n*, Nos. 04-0751 & 04-0752, 2007 Tex. LEXIS 1096 (Tex. 2007); *Texas Mun. Power Agency v. Public Util. Comm'n*, 100 S.W.3d 510 (Tex. App.—Austin 2003, pet. denied) ("*TMPA I*").

*No. 03-02-00644-CV*

In this appeal, TMPA sought judicial review of the Commission's final order in PUC Docket No. 19585, a complaint proceeding initiated by the City of Bryan regarding the transmission rates charged by TMPA under the PSC. *See* Tex. Util. Code Ann. § 15.001 (West 2007) (providing for judicial review of Commission orders under the substantial evidence rule); Tex. Gov't Code Ann. § 2001.174 (West 2000) (APA). In addition to its APA appeal, TMPA sought two types of declaratory judgments under the Uniform Declaratory Judgments Act (UDJA). *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-.011 (West 1997 & Supp. 2007). First, TMPA sought declarations regarding the jurisdiction and authority of the Commission to unbundle and change the PSC and the rates charged by TMPA thereunder. TMPA has referred to these claims as the "Jurisdictional Claims." Second, TMPA sought declarations regarding the contractual relationship between TMPA and the City of Bryan under the PSC. TMPA has referred to these claims as the "Contract Claims." The City of Bryan also filed counterclaims under the UDJA regarding the Commission's jurisdiction and the contractual obligations of the parties under the PSC.

*No. 03-02-00701-CV*

In this appeal, TMPA sought judicial review of the Commission's final order in PUC Docket No. 20381, the 1999 calendar-year proceeding in which the Commission set statewide rates for wholesale transmission service. *See* Tex. Util. Code Ann. § 15.001 (providing for judicial review of Commission orders under the substantial evidence rule); Tex. Gov't Code Ann. § 2001.174 (APA). In addition to its APA appeal in this case, TMPA sought identical declaratory relief as in

3

its suit regarding PUC Docket No. 19585. Like TMPA, the City of Bryan also filed identical counterclaims for declaratory relief.

### *The Contract Claims*

On May 15, 2002, the trial court issued an order in both suits severing "all claims made by any party in this matter relating to the construction, interpretation, application, validity, or enforceability of the Power Sales Agreement between the Texas Municipal Power Agency and the City of Bryan" and transferring venue of these claims—the Contract Claims—to another lawsuit between TMPA and the City of Bryan already pending in Grimes County, Texas. Neither TMPA nor the City of Bryan challenged these orders on appeal.

### *The Jurisdictional Claims*

In light of the trial court's order severing and transferring venue of the parties' Contract Claims, the only declaratory judgment claims that remained pending before the trial court were the Jurisdictional Claims of TMPA and the City of Bryan. The trial court granted the pleas to the jurisdiction filed by the Commission and the City of Bryan and dismissed TMPA's Jurisdictional Claims for want of jurisdiction.[4]

On appeal, this Court concluded that the Commission had jurisdiction to determine whether the terms on which TMPA provided transmission services to the City of Bryan were reasonable. *See Texas Mun. Power Agency v. Public Util. Comm'n*, 150 S.W.3d 579, 591

---

[4] The trial court likewise dismissed for want of jurisdiction the City of Bryan's declaratory judgment claims regarding the Commission's jurisdiction. The City of Bryan did not appeal the dismissal of its jurisdictional claims, so those claims are not before us.

4

(Tex. App.—Austin 2004) ("*TMPA II*"), *rev'd and remanded by TMPA III*, Nos. 04-0751 & 04-0752, 2007 Tex. LEXIS 1096 (Tex. 2007).  Accordingly, we concluded that "TMPA's request for declaratory relief [wa]s unnecessary and redundant," and we affirmed the trial court's dismissal of TMPA's Jurisdictional Claims.  *See TMPA II*, 150 S.W.3d at 591-92.

On review, the supreme court reversed this Court's judgment and concluded that the Commission lacked jurisdiction under the Public Utility Regulatory Act "to modify, regulate, or abrogate" the terms of transmission service between TMPA and the City of Bryan under the PSC. *TMPA III*, 2007 Tex. LEXIS 1096, at \*42.  Based on the parties' arguments and this Court's earlier opinion in *TMPA I*, the supreme court also reversed this Court's judgment sustaining the dismissal of TMPA's claims for declaratory relief and remanded those claims to this Court for further consideration.  *See id.* at 198-200.

## DISCUSSION

We consider on remand the parties' arguments regarding TMPA's Jurisdictional Claims for declaratory relief.  Because we conclude in the circumstances presented here that TMPA's Jurisdictional Claims are redundant of its APA appeals and, therefore, unnecessary, we affirm on remand the trial court's dismissal of those claims for want of jurisdiction.

In support of its argument that the trial court erred in dismissing the Jurisdictional Claims for declaratory relief, TMPA relies on this Court's earlier opinion in *TMPA I*.  In that case, this Court held that a claim for declaratory relief challenging the scope of an agency's jurisdiction could be properly brought alongside a suit for judicial review of an agency's final order under the APA provided that the relief sought under the UDJA was broader than that requested in the APA

5

suit for judicial review. *See TMPA I*, 100 S.W.3d at 517-20 (discussing TMPA's UDJA claims). In *TMPA I*, TMPA brought suit for judicial review under the APA of the Commission's final order in PUC Docket No. 22055—the 2000 calendar-year ratesetting proceeding. After its APA appeal had been on file for almost a year, TMPA amended its pleadings to add a claim for declaratory judgment under the UDJA. *Id.* at 513. The Commission and the City of Bryan filed pleas to the jurisdiction claiming that TMPA's request for declaratory judgment was duplicative of its APA appeal. *Id.* at 514. The trial court granted the pleas to the jurisdiction, but this Court reversed. *Id.* at 514, 520. Citing *Texas Liquor Control Board v. Canyon Creek Land Corporation*, 456 S.W.2d 891 (Tex. 1970), this Court explained the general rule that "a declaratory judgment will not lie if there is a pending action between the parties which might resolve the exact issues at hand." *Id.* at 517. However, upon examination of the declaratory relief requested by TMPA, this Court concluded that the remedies sought by TMPA under the UDJA were broader than the narrow appellate procedure provided by the APA to attack a particular order of the Commission. *Id.* at 517-20 (comparing relief sought under APA with relief sought under UDJA).

When it remanded TMPA's declaratory judgment claims to this Court for further consideration, the supreme court also relied in part on this Court's decision in *TMPA I*. *See TMPA III*, 253 S.W.3d at 200. The supreme court stated, "Having fully addressed the Commission's jurisdiction in response to the first two issues presented by TMPA and the Northern Cities, we agree with the court of appeals that the declaratory judgment claims appear to be redundant." *Id.* (citing and quoting *Texas Liquor Control Bd.*, 456 S.W.2d at 895 ("An action for declaratory judgment will not be entertained if there is pending, at the time it is filed, another action or proceeding between the

6

same parties and in which may be adjudicated the issues involved in the declaratory judgment action."); *BHP Petroleum Co. v. Millard*, 800 S.W.2d 838, 841 (Tex. 1990) ("The Declaratory Judgments Act is 'not available to settle disputes already pending before a court.'")). However, the supreme court also explained that this Court's prior decision in *TMPA I* held that the trial court had subject matter jurisdiction to consider TMPA's UDJA claims and that "the claims were not duplicative of the suit for judicial review of Commission orders." *Id.* at 199-200. Therefore, based in part on this Court's holding in *TMPA I*, the supreme court remanded TMPA's UDJA claims for further reconsideration. *Id.* at 200.

Upon further consideration, like the supreme court, we remain convinced that TMPA's Jurisdictional Claims under the UDJA as presented in *these* appeals are redundant. *See id.* at 199 (concluding that TMPA's declaratory judgment claims "appear to be redundant"); *see also TMPA II*, 150 S.W.3d at 591 (concluding that TMPA's declaratory judgment claims then pending were "unnecessary and redundant"). This Court's holding in *TMPA I* is distinguishable. *TMPA I* involved an interlocutory appeal from the district court's judgment granting the Commission's plea to the jurisdiction and dismissing TMPA's claims under the UDJA. *See TMPA I*, 100 S.W.3d at 514 & n.6. Our review of the district court's subject matter jurisdiction in *TMPA I* occurred much earlier in the process. The appeals now before us involve two appeals from the final judgments of the district court in which the district court granted the pleas to the jurisdiction as part of its final judgment. At the time TMPA brought its interlocutory appeal in *TMPA I*, the district court had not yet severed any of TMPA's declaratory judgment claims from the suit. *See id.* at 517. When considering in *TMPA I* whether TMPA's declaratory judgment claims requested broader relief than

7

its appeal under the APA, this Court was confronted with different facts and a broader lawsuit than the appeals now before us. *See id.* at 517-520. Here, the district court has already severed all of the Contract Claims for declaratory judgment, and only the Jurisdictional Claims for declaratory judgment remain pending before us. We thus might reach a different result based on the circumstances now before us as opposed to the circumstances and procedural posture of the appeal in *TMPA I. See Matagorda County Appraisal Dist. v. Coastal Liquids Partners, L.P.*, 165 S.W.3d 329, 334 (Tex. 2005) (applying the same reasoning, but reaching different result under different circumstances).

TMPA's Jurisdictional Claims for declaratory judgment are duplicative of its claims and the remedies available under the APA. In its Second Amended Petition TMPA sought judicial review of the Commission's final order because, among other things, the Commission exceeded its statutory authority by interfering with the contractual relationship between TMPA and the City of Bryan. TMPA also sought declarations under the UDJA that (1) the Commission "does not have jurisdiction to, and cannot, abrogate, amend or change the PSC between TMPA and Bryan," and (2) the Commission is "not authorized to regulate or set TMPA's wholesale power rates and charges for bundles sales of power and/or energy to Bryan under the PSC." No matter how one views these claims, the remedy under the APA is the same as that provided under the UDJA—reversal of the Commission's final order. Because the supreme court has fully addressed the Commission's jurisdiction in resolving the issues presented in TMPA's appeals under the APA, we conclude that TMPA's Jurisdictional Claims for declaratory judgment are redundant and, therefore, "will not lie."

8

*See TMPA III*, 2007 Tex. LEXIS 1096, at \*44; *Texas Liquor Control Bd.*, 456 S.W.2d at 895;

*BHP Petroleum Co.*, 800 S.W.2d at 841.

If there is any doubt that TMPA's declaratory judgment claims are redundant, one need only compare the supreme court's holding with the declarations sought by TMPA in its Second Amended Petition. In *TMPA III*, the supreme court stated:

> We hold that the Commission *does not have jurisdiction under PURA to modify, regulate, or abrogate the PSC* between TMPA and the member cities and the bundled sales rate for wholesale electric power under the PSC.

*TMPA III*, 2007 Tex. LEXIS 1096, at \*42 (emphasis added). In its Second Amended Petition, TMPA sought declarations that:

- The [Commission] *does not have the jurisdiction to, and cannot, abrogate, amend or change the PSC* between TMPA and Bryan.

- The [Commission] is not authorized to regulate or set TMPA's wholesale power rates and charges for bundled sales of power and/or energy to Bryan under the PSC.

(Emphasis added.)

## CONCLUSION

Having further considered TMPA's Jurisdictional Claims for declaratory judgment on remand from the supreme court, we conclude those claims are redundant of TMPA's claims and remedies available under the APA, and we affirm the district court's dismissal of those claims for lack of jurisdiction.

9

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed on Remand

Filed:   July 24, 2008