# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00159-CV

**Appellant, Texas Department of Transportation// Cross-Appellants, Texas Weekly Advocate and Dr. Jeffrey White**

**v.**

**Appellees, Texas Weekly Advocate and Dr. Jeffrey White// Cross-Appellee, Texas Department of Transportation**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT NO. D-1-GN-08-001884, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

The dispute between these parties arose when the Texas Department of Transportation ("TxDOT") promulgated an amended version of the Texas Peace Officer's Crash Report Form (the "crash form") that omitted a space for recording telephone numbers of drivers involved in car accidents. Texas Weekly Advocate and Dr. Jeffrey White (collectively "Plaintiffs") sued TxDOT asserting claims under the Administrative Procedure Act ("APA"), *see* Tex. Gov't Code Ann. § 2001.038 (West 2008) (declaratory-judgment action to contest the validity or applicability of administrative rule), and the Uniform Declaratory Judgments Act ("UDJA"), *see* Tex. Civ. Prac. & Rem. Code Ann. § 37.004 (West 2008) (describing subject matter for declaratory relief under UDJA). The trial court granted summary judgment for Plaintiffs on their APA claim and enjoined TxDOT from promulgating an amended crash form until it complied with the rulemaking procedures

in the APA. The court granted TxDOT's motion for summary judgment in part, dismissing Plaintiffs' UDJA claim; the court also denied Plaintiffs' request for attorney's fees under the UDJA. TxDOT appeals from the portion of the trial court's order declaring that to amend the crash form it had to comply with the rulemaking procedures of the APA and enjoining it from using the amended crash form until it does. Plaintiffs appeal from the portion of the trial court's order denying them attorney's fees under the UDJA. We will vacate the trial court's order in part, dismiss the cause as moot in part, and affirm the portion of the trial court's order denying Plaintiffs' attorney's fees.

**DISCUSSION**

TxDOT is responsible for developing and promulgating the Texas Peace Officer's Crash Report Form, which is used by law-enforcement agencies to report automobile accidents. *See* Tex. Transp. Code Ann. § 550.0601 (West Supp. 2009), § 550.064 (West 1999). The crash form has labeled spaces and check-boxes in which the investigating officer records information related to an automobile accident. Texas Weekly Advocate is a company that collects raw data from completed crash forms, compiles the data, and then sells it to customers like Dr. White, a chiropractor. Texas Weekly Advocate's customers use the data to solicit business from crash victims. According to Plaintiffs, the most effective way to contact crash victims is by telephone.

In 2008, TxDOT deleted the space on the crash form used to record victims' telephone numbers and promulgated an amended crash form for statewide use. Believing that the amendment amounted to a rulemaking, Plaintiffs filed suit against TxDOT requesting injunctive relief and a declaration stating that to amend the crash form TxDOT had to comply with the rulemaking procedures in the APA. *See* Tex. Gov't Code Ann. § 2001.038 (permitting

declaratory-judgment actions to determine the "validity or applicability of a rule"); *see also id.* §§ 2001.0225-.034 (rulemaking procedures). The parties filed cross-motions for summary judgment. TxDOT argued that Plaintiffs did not have standing to contest the amendment because the form itself was not a rule, and thus section 2001.038 of the government code—the section that grants standing to contest the validity or applicability of a rule—did not apply. TxDOT also asserted that Plaintiffs' UDJA claim was improper because (1) the APA was the sole "legislatively mandated process" for challenging a rule, and (2) Plaintiffs' UDJA claim was duplicative of its APA claim and was brought only as a vehicle to seek attorney's fees. The trial court granted Plaintiffs' motion for summary judgment on their APA claim, denied summary judgment on their UDJA claim, and denied their claim for attorney's fees. The court granted TxDOT's motion for summary judgment on Plaintiffs' UDJA claim. The court also permanently enjoined TxDOT from using the amended crash form until it complied with the APA's rulemaking procedures.

While this appeal was pending, TxDOT began the rulemaking process for amending the crash form to, among other things, delete the space for victims' telephone numbers. *See* 34 Tex. Reg. 3921 (2009) (proposed amendments to 43 Tex. Admin. Code § 25.977). The rulemaking process was completed on November 19, 2009. *See* 34 Tex. Reg. 8045 (2009).

**TxDOT's Appeal—Mootness**

For this Court to have subject-matter jurisdiction, there must be a live controversy between the parties. *Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000). "Under article II, section 1 of the Texas Constitution, courts have no jurisdiction to issue advisory opinions." *Id.* (citing *Speer v. Presbyterian Children's Home & Serv. Agency*, 847 S.W.2d 227, 229 (Tex.

1993)); *see* Tex. Const. art. II, § 1.  Voluntary compliance with a judgment or order eliminates the existence of a live controversy between the parties.  *Valley Baptist Med. Ctr.*, 33. S.W.3d at 822; *see also City of W. Univ. Place v. Martin*, 123 S.W.2d 638, 639 (Tex. 1939).  "The issue of whether an injunction is valid [also] becomes moot when the injunction does not continue to have effect." *University Interscholastic League v. Buchanan*, 848 S.W.2d 298, 304 (Tex. App.—Austin 1993, no writ).

The order in the present case enjoins TxDOT from "using the amended Texas Peace Officer's Crash Report Form, until such time as it complies with § 2001.0225 through § 2001.034 of the Texas Administrative Procedure Act."  TxDOT subsequently completed the rulemaking process set out in those sections.  Accordingly, there is no longer a live case or controversy with respect to the issues raised in TxDOT's appeal.

Because this part of the cause is moot, TxDOT asks us to vacate the injunction. Plaintiffs oppose vacating the injunction, stating: "TxDOT has conformed to that injunction, thereby making it moot, but it does not need to be dissolved, or, if it does, the case is not moot."  Case law is unequivocal on this point:

> The rule has long been established in this court that when a case becomes moot on appeal, all previous orders are set aside by the appellate court and the case is dismissed.  To dismiss the appeal only would have the effect of affirming the judgment of the lower court without considering any assignments of error thereto.

*Texas Foundries, Inc. v. International Moulders & Foundry Workers' Union*, 248 S.W.2d 460, 461 (Tex. 1952); *see also University Interscholastic League*, 848 S.W.2d at 304 ("An appellate court must set aside the judgment and dismiss the cause when an appeal is moot.").  Accordingly, we must

4

vacate the portion of the order that has become moot, including the injunction. We will therefore vacate the trial court's order and dismiss the cause with respect to Plaintiffs' APA claim and the permanent injunction against TxDOT.

***Plaintiffs' Request for Attorney's Fees Under the UDJA***

Plaintiffs appeal from the trial court's order granting summary judgment in favor of TxDOT on Plaintiffs' UDJA claims and denying Plaintiffs' request for attorney's fees under the UDJA. In their amended petition, Plaintiffs requested a declaration under the UDJA that section 550.063 of the transportation code[1] did not relieve TxDOT of the requirement to amend the crash form by rulemaking procedures. Plaintiffs note that they added their UDJA claim only in response to TxDOT's assertions that section 550.063 was dispositive of Plaintiffs' APA suit. The trial court denied Plaintiffs' motion for summary judgment on their UDJA claim and granted TxDOT's motion for summary judgment dismissing that claim. Plaintiffs argue, however, that the court "implicitly decided [the UDJA claim] in Plaintiffs' favor." They assert that to find in their favor on the APA claim, the court must have also construed section 550.063 of the transportation code in their favor—*i.e.*, to mean that the provision did not relieve TxDOT of the need to comply with APA rulemaking procedures to amend the crash form. Plaintiffs request that we "reverse the district court's denial of summary judgment on Plaintiffs' [UDJA] claim and remand for a

---

[1] *See* Tex. Transp. Code Ann. § 550.063 (West Supp. 2009) ("The form of all written reports must be approved by [TxDOT] and the Department of Public Safety. A person who is required to file a written accident report shall report on the appropriate form and shall disclose all information required by the form unless the information is not available.").

determination of whether Plaintiffs should be awarded their reasonable and necessary attorneys' fees."

Before we turn to the attorney's fees issue or address the merits of Plaintiffs' appeal from the grant of TxDOT's motion for summary judgment on Plaintiffs' UDJA claim, we must decide if TxDOT's subsequent completion of the rulemaking process moots the UDJA claim as well. "A UDJA action cannot stand if there is a pending action that resolves the exact issues raised under the UDJA." *Texas Liquor Control Bd. v. Canyon Creek Land Corp.*, 456 S.W.2d 891, 895 (Tex. 1970); *see also Texas Mun. Power Agency v. Pub. Util. Comm'n*, 100 S.W.3d 510, 517 (Tex. App.—Austin 2003, pet. denied) ("[A UDJA] action will not lie if there is a pending action between the parties which might resolve the exact issues raised in the declaratory judgment."). When the substance of a party's UDJA claim was already before the court via his or her APA claim, then the underlying controversy giving rise to the UDJA claim was necessarily the same controversy as that giving rise to the APA claim. In that circumstance, if the controversy underlying the APA claim is rendered moot, the UDJA claim would also be moot.

We conclude that, because the construction of section 550.063 was already before the court through TxDOT's defense to Plaintiffs' APA action, Plaintiffs' UDJA claim is redundant and therefore moot. Plaintiffs assert that to decide the APA claim in their favor, the trial court necessarily adopted Plaintiffs' construction of section 550.063. We do not necessarily disagree with that assertion; however, even if the court implicitly construed the statute in Plaintiffs' favor, it does not follow that they are entitled to a declaration under the UDJA. To decide Plaintiffs' APA claim, the court had to consider the effect of any relevant statutes. As a result of TxDOT's pleading of

6

section 550.063 as a defense, the trial court was already called on to construe the impact of that statute on the controversy between the parties. Because the court had to construe section 550.063 in the context of Plaintiffs' APA claim, a declaration under the UDJA was redundant because it would provide no additional relief. Plaintiffs attach significance to the procedural posture in which they raised their UDJA claim—*i.e.*, in response to TxDOT's assertion that section 550.063 barred their APA claim. The case's procedural posture, however, does not change the fact that Plaintiffs' APA claim was a "pending action that resolves the exact issues raised under the UDJA [claim]." *Canyon Creek Land Corp.*, 456 S.W.2d at 895. Because the issues raised in Plaintiffs' UDJA claim were the same as those raised in their APA claim, the UDJA claim is now moot as well.

Plaintiffs argue that their request for attorney's fees under the UDJA is still live even though the underlying claim is moot because it represents a separate legal controversy that was not mooted when TxDOT completed the rulemaking process. An appeal from the grant or denial of attorney's fees, at least with respect to a UDJA claim, is usually a separate controversy and can persist even when the underlying controversy is moot. *See Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 643 (Tex. 2005) ("[Plaintiff's] remaining interest in obtaining attorney's fees 'breathes life' into this appeal and prevents it from being moot."); *Camarena v. Texas Employment Comm'n*, 754 S.W.2d 149, 151 (Tex. 1988) ("The 'live' issue in controversy is whether or not the [plaintiffs] have a legally cognizable interest in recovering their attorney's fees and costs."); *but see Speer*, 847 S.W.2d at 229 (plaintiff's entire case was moot, even though she sought attorney's fees for cause brought under Texas Commission on Human Rights Act because (1) attorney's fees are only awarded to prevailing parties under Act and (2) given change in circumstances, plaintiff

7

could never prevail). We must therefore address the merits of Plaintiffs' appeal as to the denial of their request for attorney's fees.

A trial court may award "equitable and just" attorney's fees to a party in a UDJA action regardless of his or her success on the UDJA claim. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (West 2008); *see also Barshop v. Medina County Underground Water Conservation Dist.*, 925 S.W.2d 618, 637 (Tex. 1996) (award of attorney's fees is within trial court's discretion and not dependent on either party "substantially prevailing"). Nonetheless, a trial court does not abuse its discretion by denying a request for attorney's fees when a claimant's UDJA claim did not "substantially broaden [the cause of action] already provided for under the APA." *Texas Mun. Power Agency*, 100 S.W.3d at 517 n.5. Because that is the case here, the trial court did not abuse its discretion in denying Plaintiffs' request for attorney's fees. We overrule Plaintiffs' point of error in their cross-appeal.

## CONCLUSION

We vacate the trial court's order and dismiss the cause with respect to Plaintiffs' APA claim and the permanent injunction against TxDOT. We also dismiss as moot Plaintiffs' UDJA claim, except as to their request for attorney's fees. We affirm the trial court's order denying Plaintiffs' request for attorney's fees.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Affirmed in part; Vacated in part; Dismissed in part

Filed:   January 29, 2010